HOUSTON, Justice.
The Home Depot U.S.A., Inc. (“Home Depot”), filed ‘this petition requesting that we issue the extraordinary writ of mandamus, declaring that in á civil action filed by Chuck Heyer, Home Resurrection, Inc., Shane Hodges, SRS Contractors, Inc., and Kenneth Siders (“the respondents”) against Home Depot, seeking compensatory and punitive damages for promissory fraud,[1] the trial court erroneously compelled Home Depot to provide all of its at-home-services business plans for the period 1998 through January 2003.
Based upon Ex parte Miltope Corp., 823 So.2d 640 (Ala.2001), the majority of this Court ordered that the respondents file answer and briefs. Upon review of the answer and briefs, we are of the opinion that Home Depot’s petition for the writ of mandamus is moot.
Home Depot contends that the respondents would not agree to paragraph three of the confidentiality agreement Home Depot presented to the respondents in an attempt to resolve this dispute regarding the production of documents.
In their brief filed May 12,- 2004, the respondents, on page 23, state:
“Recently, Respondents communicated to Home Depot’s counsel that Respondents would agree to accept the confidentiality order proposed by Home Depot, giving up on the one point that had been a sticking point. Thus, Home Depot’s concern about protecting the confidentiality of the subject documents is either moot or phony.”
*493 Home Depot does not dispute this statement in its May 20, 2004, reply brief.
The matter before us is moot. Home Depot provided to the attorney for the respondents the at-home-services business plans, subject to the confidentiality agreement prepared by Home Depot, including “Paragraph # 3,” which provides that
“1) each person to whom confidential information is disclosed shall first be provided with a copy of the stipulation and Order and shall acknowledge in writing that they had received a copy of the stipulation and Order; and 2) are familiar with the terms thereof; and agreed to be bound by such terms.”
(Home Depot’s reply brief at p. 10.) Therefore, we deny Home Depot’s petition for the writ of mandamus.
PETITION DENIED.
NABERS, C.J., and SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.

. The complaint filed in the trial court contained counts alleging misrepresentation (count 1) and suppression (count 2).